Filed 6/11/24  P. v. Gonzalez CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080555 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF212472B) |
| v. | |
| ARMANDO JACOBO GONZALEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Tami M. Krenzin, John W. Powell, and Max Feinstat, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

Petitioner Armando Jacobo Gonzalez petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his two convictions for first degree murder (§ 187, subd. (a)). The trial court summarily denied the petition at the prima facie stage on the ground petitioner is ineligible for relief. On appeal, petitioner argues the trial court erred in (1) failing to appoint counsel to represent him on the petition, (2) relying on this court's opinion in petitioner's direct appeal to deny relief, and (3) finding petitioner ineligible for resentencing.

In our initial opinion, we agreed the trial court erred in disposing of the petition without appointing counsel. Furthermore, to the extent the trial court made factual findings based on the record of conviction, the court also erred. However, we concluded the errors were not prejudicial because the record of conviction, including the jury's true findings on gang-murder special circumstances, established petitioner was ineligible for resentencing as a matter of law. Accordingly, we affirmed.

Petitioner petitioned the California Supreme Court for review. The high court granted review (S274324) and eventually transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*). Pursuant to the high court's order, we vacated our prior opinion. The parties submitted supplemental briefing in which they disagree as to the effect of *Curiel* on the issues raised in this appeal.

We once again hold that the court erred in failing to appoint counsel. However, we now also hold that the record on appeal does not establish petitioner's ineligibility for resentencing as a matter of law. Accordingly, the court's error in disposing of the petition

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

without appointing counsel was prejudicial.[2]  We therefore reverse the order denying the petition and remand with directions to appoint counsel and conduct such further proceedings as necessary pursuant to section 1172.6, subdivision (c).

## PROCEDURAL HISTORY[3]

On May 6, 2014, the Tulare County District Attorney filed a fourth amended information, charging petitioner with two counts of first degree murder (§ 187, subd. (a); counts 1–2), with multiple-murder and gang-murder special circumstances (§ 190.2, subd. (a)(3), (22)), and firearm and gang enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (b), (c), (d), (e)(1)); five counts of premeditated attempted murder (§§ 187, subd. (a), 664, subd. (a); counts 3–7), with firearm and gang enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (c), (d), (e)(1)); and shooting at an inhabited dwelling (§ 246; count 8), with firearm and gang enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (b), (c), (d)).

On May 23, 2014, a jury convicted petitioner as charged on all counts and found all enhancements and special circumstance allegations to be true.  On July 21, 2014, the court sentenced petitioner on each of counts 1 and 2 to consecutive terms of life without the possibility of parole, and on each of counts 3 through 7 to consecutive terms of life with the possibility of parole.  On each of counts 1 through 7, the court imposed an additional term of 25 years to life for the firearm enhancements.  Sentence on count 8 was imposed and stayed.  (§ 654.)  (*People v. Anguiano et al.* (May 25, 2017, F069881) [nonpub. opn.] (*Anguiano*).)

---

[2] As such, we need not resolve petitioner's contentions regarding the court's reliance on the appellate opinion.

[3] We dispense with a statement of facts as the facts underlying the offenses are not relevant to the issues raised on appeal.

On appeal, we vacated one of the multiple-murder special-circumstance findings as duplicative and superfluous.  In all other respects, we affirmed.  (*Anguiano*, *supra*, F069881.)

On August 23, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1172.6.  In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.[4]  He further averred that the victim was not a peace officer and petitioner was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.  Petitioner requested counsel be appointed.

On August 26, 2019, the court summarily denied the petition on the ground petitioner was "not eligible for relief."

On October 17, 2019, petitioner, in propria persona, filed a second petition for resentencing pursuant to section 1172.6, in which he made the same declarations as in the

---

[4] At the time petitioner filed his petition, former section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder.  (Former § 1170.95, subd. (a).)  However, former section 1170.95 later was amended to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories."  (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 1, subd. (a).)  These amendments took effect on January 1, 2022.

We do not address petitioner's resentencing eligibility on his attempted murder convictions.  In our initial opinion, we stated petitioner could file a separate petition for resentencing on his attempted murder convictions in the trial court, if desired.  We now additionally note that petitioner retains any such remedies available to him in the trial court on remand.

4.

first petition. Petitioner requested counsel be appointed. On October 21, 2019, the court summarily denied the petition, noting, "This same request was previously denied."

On November 26, 2019, petitioner, in propria persona, filed a third petition for resentencing pursuant to section 1172.6, in which he made the same declarations as in the first and second petitions. Petitioner requested counsel be appointed. On December 6, 2019, the court summarily denied the petition, stating, "A review of the Court file demonstrates that petitioner is not eligible for relief."

This timely appeal followed.

## DISCUSSION

### I. Section 1172.6 Procedure

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "amend[ed] the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) Relevant here, the bill amended the natural and probable consequences doctrine by requiring that a principal act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Now, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The bill also amended the felony-murder rule by providing that a participant in a qualifying felony is liable for murder only if the victim was a peace officer in the performance of his or her duties, or the defendant was the actual killer, aided and abetted the actual killer in the commission of first degree murder with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life. (§ 189, subds. (e), (f); accord, *Strong*, at p. 708.)

5.

Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a).) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met." (*Strong*, *supra*, 13 Cal.5th at p. 708.) Upon the filing of such petition, the court must appoint counsel, if requested. (§ 1172.6, subd. (b)(3).) After further briefing, the sentencing court must then determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Strong*, at p. 708.)

Our Supreme Court has emphasized that "the prima facie inquiry . . . is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) The court may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion' " at the prima facie stage. (*Ibid.*) Rather, the court must take the petitioner's factual allegations as true and must issue an order to show cause unless the record of conviction " ' "contain[s] facts refuting the allegations made in the petition." ' " (*Id.* at p. 971.)

" 'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' " (*Curiel*, *supra*, 15 Cal.5th at p. 450.) If the trial court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder [or attempted murder] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).)

We review the court's prima facie inquiry de novo. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

6.

## II. Appointment of Counsel

Petitioner contends the trial court erred in failing to appoint counsel.[5]

At the time the trial court ruled on the petition, our Supreme Court had not resolved whether section 1172.6 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition. (See *Lewis*, *supra*, 11 Cal.5th at pp. 961–967.) It is now well-settled that a petitioner is entitled to the appointment of counsel upon the filing of a petition that contains the information required by section 1172.6, subdivision (b)(1). (*Lewis*, *supra*, 11 Cal.5th at p. 966.) The People do not suggest the petition was deficient in this respect. Accordingly, the court erred in disposing of the petition without appointing counsel.

## III. Trial Court's Reliance on Opinion in Petitioner's Direct Appeal

Petitioner argues the trial court erred in relying on this court's opinion in petitioner's direct appeal to deny the petition without affording petitioner an opportunity to present additional legal argument and evidence.

As an initial matter, we note that the trial court summarily denied the petition without a statement of reasons. It therefore is unclear what materials the court relied on and what conclusions it drew in determining petitioner is ineligible for resentencing. The record on appeal in this case contains certain documents regarding the underlying criminal proceedings, including amended complaints, original and amended informations, and original and amended abstracts of judgment. During the pendency of this appeal, petitioner filed a request to augment the record on appeal with "any documents in the court file that the court considered in denying the petition." The motion was granted and,

---

[5] Petitioner asks us to take judicial notice of certain legislative history materials regarding Senate Bill No. 1437 and the timeframe for appointing counsel under former section 1170.95. However, our Supreme Court has held, and former section 1170.95 has been amended to clarify, that counsel must be appointed upon the filing of a facially sufficient petition. (Former § 1170.95, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 966.) Accordingly, we deny the request for judicial notice as irrelevant.

in response, an augmented clerk's transcript was filed containing a copy of this court's opinion in petitioner's direct appeal and e-mail correspondence between court staff and the trial court judge confirming that the trial court relied on the appellate opinion in ruling on the petition.

The opinion in petitioner's direct appeal is part of the record of conviction that the court may consider in determining whether petitioner has made a prima facie showing of resentencing eligibility. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) However, the role of the appellate opinion is circumscribed. The factual summary contained in an appellate opinion is not considered admissible evidence regarding a petitioner's resentencing eligibility (§ 1172.6, subd. (d)(3); *People v. Flores* (2022) 76 Cal.App.5th 974, 988 ["If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage."]), and the court may not engage in factfinding based on the appellate opinion at the prima facie stage (*Lewis*, *supra*, 11 Cal.5th at p. 972).

To the extent the trial court relied on the factual summary contained in the appellate opinion, or engaged in factfinding based thereon, we would agree with petitioner that doing so was error. Ultimately, however, we need not determine whether the court erred in this manner because, as we explain below, the court's error in failing to appoint counsel was prejudicial.

## IV.     Prejudice

Petitioner argues the court's failure to appoint counsel was prejudicial because the record does not establish petitioner's ineligibility for resentencing as a matter of law. We agree.

### A.     Standard of Review

To demonstrate prejudice from the court's failure to appoint counsel, a petitioner must show that, absent the error, it is reasonably probable his or her petition would not

have been denied without an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## B.      Applicable Law

In *Curiel*, our Supreme Court considered whether a jury's true finding on a gang-murder special circumstance conclusively established the petitioner's ineligibility for resentencing under section 1172.6.  (*Curiel*, *supra*, 15 Cal.5th at pp. 440–441.)  The high court held that the trial court was bound by the jury's true finding on the gang-murder special circumstance, and specifically its finding that the petitioner acted with intent to kill, for purposes of assessing the petitioner's resentencing eligibility.  (*Ibid*.)  However, "[t]he jury's finding of intent to kill [did] not, itself, conclusively establish that [the petitioner] [was] ineligible for relief."  (*Id.* at p. 441.)  More specifically, the intent-to-kill finding did not establish the mens rea nor the actus reus required for murder liability as a direct aider and abettor.  (*Ibid.*)

The court further concluded that the jury's remaining findings also were insufficient to rebut the petitioner's allegations and to conclusively establish he was ineligible for relief.  (*Curiel*, *supra*, 11 Cal.5th at pp. 441, 465.)  First, the court noted that the jury was instructed on the natural and probable consequences doctrine, including two underlying target offenses.  (*Id.* at p. 466.)  Further, the jury was not required to identify the theory of liability it found persuasive, nor was it required to find that the petitioner knew of the direct perpetrator's unlawful purpose or intended to commit, encourage, or facilitate that purpose.  (*Id.* at pp. 467, 469.)  The high court surmised that the jury could have found that the petitioner knew that the perpetrator "intended to commit one of the underlying target offenses and also intended to aid him in that offense."  (*Id.* at p. 470.)  However, the jury was not required to find that the petitioner subjectively appreciated that the conduct he intended to aid was dangerous to human life.  (*Ibid*.)  Significantly, the jury's intent-to-kill finding did not establish that the petitioner knew the perpetrator

intended to commit a life-endangering act or that the petitioner intended to aid in that act. (*Ibid.*)

### C. Additional Background: Petitioner's Jury Instructions

The jury instructions from petitioner's criminal trial are not contained in the record on appeal. Neither party filed a motion with this court requesting that we take judicial notice of the record from *Anguiano*, *supra*, F069881, petitioner's direct appeal. (Cal. Rules of Court, rule 8.252(a).) In a footnote to the supplemental respondent's brief, the People ask that we take judicial notice of the record on appeal in *Anguiano*. However, this request is not properly presented. (Cal. Rules of Court, rule 8.252(a)(1) ["To obtain judicial notice by a reviewing court under Evidence Code section 459, a party must serve and file a separate motion with a proposed order."].) Moreover, it does not appear the instructions were considered by the trial court. "[A] reviewing court will ordinarily not consider on appeal matters that were not presented to the trial court when it made the challenged ruling, including matters of which an appellate court may take judicial notice under Evidence Code section 459." (*Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1306–1307.) Accordingly, we deny the People's request for judicial notice of the record on appeal in *Anguiano*, *supra*, F069881.

### D. Analysis

In finding the gang-murder special circumstance true, petitioner's jury necessarily found that he acted with intent to kill. However, this finding, standing alone, is insufficient to establish petitioner's ineligibility for resentencing as a matter of law. (*Curiel*, *supra*, 15 Cal.5th at p. 463.)

Although we may look to the jury's other findings to determine whether they establish petitioner's ineligibility for relief (*Curiel*, *supra*, 15 Cal.5th at pp. 441, 465), the People do not suggest the jury's other findings, standing alone, are sufficient to establish petitioner's ineligibility for resentencing as a matter of law. Rather, the People argue the jury's findings, *in light of the jury instructions*, establish that petitioner was convicted

under a valid theory.  The jury instructions, however, are not before us.  We therefore have no basis to compare petitioner's jury instructions to the instructions given in *Curiel*, even if we were inclined to do so.  The only available information regarding petitioner's jury instructions comes from the opinion in his direct appeal, where we noted the jury was instructed with regard to the gang-related special circumstance as follows:  " 'If a defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with intent to kill for the special circumstance of [section] 190.2[, subdivision ](a)(22) to be true.' " (*Anguiano*, *supra*, F069881.)  Thus, we held the jury's true findings on the gang-related special-circumstance allegations "leave no doubt as to [the jury's] finding of an intent to kill." (*Ibid*.)  As stated, however, this finding is insufficient to establish petitioner's ineligibility for resentencing as a matter of law.

Based on the foregoing, the available record is insufficient to establish petitioner's ineligibility for resentencing as a matter of law and the court's failure to appoint counsel was therefore prejudicial.  Accordingly, we will reverse the order denying the petition and remand with directions to appoint counsel and conduct such further proceedings as necessary pursuant to section 1172.6, subdivision (c).  The People may make their arguments regarding the jury instructions in the section 1172.6, subdivision (c) proceedings on remand.  We take no position on the ultimate disposition of the petition.

## DISPOSITION

The order denying the petition is reversed.  The matter is remanded with directions to appoint counsel and conduct such further proceedings as necessary pursuant to section 1172.6, subdivision (c).

11.